IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| John Smith, as Personal Representative of the Estate of Geraldine Smith, Betty R. Collier, and Bessie I. Bonds, ) ) ) ) Plaintiffs, ) ) vs. ) ) Church Mutual Insurance Company, ) ) Defendant. ) | C.A. No.: 7:04-23248-20  **OPINION and ORDER** |

This matter is before the court on a motion for summary judgment brought by Betty R. Collier ("Collier"), Bessie I. Bonds ("Bonds"), and John Smith, as Personal Representative of the Estate of Geraldine Smith ("Smith") (collectively "plaintiffs"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. After review, the court grants the plaintiffs' motion.

### I. FACTUAL BACKGROUND

On April 11, 2003, the plaintiffs, members of Trinity AME Zion Church ("Trinity AME"), were traveling to a church event in a fifteen-passenger van owned by Trinity AME and driven by Sabrina Halmon ("Halmon"). The van was involved in a single-vehicle accident that resulted in Smith's death and injuries to Collier and Bonds. At the time of the accident, the van was covered under a Business Automobile Policy ("policy") issued by Church Mutual Insurance Company ("Church Mutual") which provided Trinity AME $1,000,000 in liability coverage and $1,000,000 in underinsured motorist ("UIM") coverage. Under the terms of the policy, UIM coverage is triggered "only after liability bonds or

1

policies have been exhausted by payments of judgments or settlements." (Pls.' Mem. Supp. Mot. Summ. J. Ex. A (Business Auto Coverage and Declaration § A ¶ 2).)

The plaintiffs brought the instant action seeking a declaratory judgment and to reform the policy to require Church Mutual to provide the plaintiffs with UIM "coverage in an amount up to $1,000,000 . . . in the event that Plaintiffs' damages exceed any damages cap or limitation imposed by statute" and deleting from the policy "any requirement that liability [bonds or policies] be 'exhausted' prior to providing [UIM] coverage."[1] (Second Am. Compl. ¶¶ 25, 27.) The plaintiffs contend that the $1,000,000 in UIM coverage is available if the plaintiffs' damages in the underlying liability suits against Trinity AME exceed the $600,000 statutory cap applicable to a charitable organization, such as Trinity AME, under South Carolina Code of Laws section 33-56-180(A). The plaintiffs assert that the policy provision requiring the $1,000,000 liability limit to be exhausted before triggering UIM coverage contravenes section 38-77-160 of the South Carolina Code of Laws, which requires that "carriers . . . offer . . . underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained . . . in excess of any damages cap or limitation imposed by statute." Accordingly, the plaintiffs request that the policy be reformed to follow the mandate of section 38-77-160.[2]

---

[1]The plaintiffs acknowledge that their entitlement to UIM benefits will be determined through the underlying liability suits. As such, the plaintiffs have withdrawn their request for an order requiring immediate payment of UIM benefits.

[2]Because the court grants the plaintiffs' motion for summary judgment on the grounds discussed above, the court declines to address the other arguments raised in support of the plaintiffs' motion for summary judgment.

2

Church Mutual, on the other hand, claims that $1,000,000 in liability coverage is available in this case because Halmon can be sued individually for gross negligence or recklessness under section 33-56-180(A). Church Mutual concedes that if Trinity AME

> were the only tortfeasor covered under the Church Mutual policy, then the remaining $400,000 in liability limits would never be available . . . [and] any amount recoverable as damages from [Trinity AME] in excess of the $600,000.00 could be recovered from Church Mutual as the UIM carrier . . . up to the UIM limits of $1 million.

(Def.'s Mem. Opp'n Summ. J. at 6.) Church Mutual contends, however, "that it is entitled to a set-off or credit for the total amount of liability coverages available to any tortfeasors as may be liable for the April 11, 2003 motor vehicle accident." (Id. at 4 (emphasis added).)

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-moving party's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will

3

properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### B. Plaintiffs' Motion for Summary Judgment

#### 1. Controversy Ripe for Adjudication

As an initial matter, Church Mutual argues that there is no controversy ripe for consideration because Church Mutual agrees that the policy must conform to South Carolina law. In addition, Church Mutual contends that it has never taken the position that the liability limits of the policy must be exhausted before UIM coverage is available. Nevertheless, Church Mutual also claims that it is entitled to a setoff "for the total amount of liability coverages available to any tortfeasors as may be liable for the April 11, 2003 motor vehicle accident." (Def.'s Mem. Opp'n Summ. J. at 4 (emphasis added).) In this circumstance, Church Mutual contends that "any tortfeasor" includes Halmon. The plaintiffs respond that Church Mutual is not entitled to a setoff for the available liability coverage as to any possible tortfeasor, including Halmon, that may be liable for the accident. As such, there is a controversy ripe for decision by the court.

#### 2. Summary Judgment is Appropriate

Church Mutual also suggests that summary judgment is inappropriate because discovery continues with respect to "the availability and priorities of UIM coverages." (Def.'s Mem. Opp'n Summ. J. at 2.) The policy, however, provides:

>   a. If an "insured" sustains "bodily injury" while "occupying" a vehicle not owned by that person or while not "occupying" any vehicle, the following priorities of coverage apply:

|  |  |
|--|--|
| First Priority | The policy affording Underinsured Motorists Coverage to the vehicle the "insured" was "occupying" at the time of the "accident". |
| Second Priority | Any policy affording Underinsured Motorists Coverage to a Named Insured or a family member, if the Named Insured is an individual. |

(Pls.' Mem. Supp. Mot. Summ. J. Ex. A (Business Auto Coverage and Declaration § E, ¶ 1.a).) It is undisputed that the plaintiffs are "insureds" with UIM coverage under the policy. Church Mutual is therefore the primary UIM insurer in this case. As evinced by the policy's terms, moreover, the primary UIM insurer's obligations are not affected in any way by the availability of other UIM policies receiving secondary priority. To this end, ongoing discovery relating to UIM coverage that may receive secondary priority under the policy is immaterial to the court's resolution of the plaintiffs' summary judgment motion in this action.

### 3. Reformation of the Policy

South Carolina Code of Laws section 33-56-180(A) provides:

> A person sustaining an injury or dying by reason of the tortious act of commission or omission of an employee of a charitable organization, when the employee is acting within the scope of his employment, may recover in an action brought against the charitable organization only the actual damages he sustains in an amount not exceeding the limitations on liability imposed in the South Carolina Tort Claims Act in Chapter 78 of Title 15[, which limits the amount recoverable for any single occurrence to $600,000]. An action against the charitable organization pursuant to this section constitutes a complete bar to any recovery by the claimant, by reason of the same subject matter, against the employee of the charitable organization whose act or omission gave rise to the claim unless it is alleged and proved in the action that the employee acted in a reckless, wilful, or grossly negligent manner, and the employee must be joined properly as a party defendant. A judgment against an employee of a charitable organization may not be returned unless a specific finding is made that the employee acted in a reckless, wilful, or grossly negligent manner. If the

5

> charitable organization for which the employee was acting cannot be determined at the time the action is instituted, the plaintiff may name as a party defendant the employee, and the entity for which the employee was acting must be added or substituted as party defendant when it reasonably can be determined.

S.C. Code Ann. § 33-56-180(A) (Supp. 2004).

Church Mutual concedes that, unless the plaintiffs bring and successfully prove a liability suit against Halmon, the $600,000 statutory cap set forth in section 33-56-180(A) applies under the policy. Church Mutual contends, however, that the plaintiffs have alleged Halmon was reckless and grossly negligent in the underlying liability suits against Trinity AME and, accordingly, the $1,000,000 in liability limits is available under the policy.

The court finds that, unless Halmon is "joined properly as a party defendant" and proven to have acted in a reckless, wilful, or grossly negligent manner in the underlying liability suits, the plaintiffs cannot recover from Halmon. See S.C. Code Ann. § 33-56-180(A). It is undisputed that the plaintiffs have not joined Halmon as a party defendant in the underlying liability lawsuits. Liability coverage is, therefore, capped at $600,000, unless Halmon is at some point joined properly as a party defendant and proven to have acted in a reckless, wilful, or grossly negligent manner as required under section 33-56-180(A).

Furthermore, provided that the plaintiffs do not properly join Halmon and successfully prove that she acted in a reckless, wilful, or grossly negligent manner, the plaintiffs may obtain UIM coverage from Church Mutual if the damages recovered against Trinity AME exceed $600,000. (Def.'s Mem. Opp'n Summ. J. at 8.) Section 38-77-160 provides:

> Such carriers shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the

6

>     liability limits carried by an at-fault insured or underinsured motorist <u>or</u> in
>     excess of any damages cap or limitation imposed by statute.

S.C. Code Ann. § 38-77-160 (2002) (emphasis added).  The statute plainly provides that UIM coverage must be offered "to provide coverage in the event that damages are sustained in excess of . . . any damages cap or limitation imposed by statute." <u>Id.</u>  Barring the joinder of Halmon, there is a damages cap of $600,000 in this case.  Therefore, $1,000,000 in UIM coverage must be offered if the damages received in the underlying liability suits exceed the cap.  The plaintiffs, moreover, are not required to exhaust the statutory cap of $600,000 before seeking UIM coverage.  To the extent the plaintiffs follow such course, however, Church Mutual is entitled to a setoff for the amount of the liability coverage not exhausted under the statutory cap.  <u>See</u> <u>Cobb v. Benjamin</u>, 482 S.E.2d 589, 598 (S.C. Ct. App. 1997).

Based on the foregoing, the policy should be reformed to delete the requirement that the $1,000,000 liability limits of the policy must be exhausted before UIM coverage is available.  In its place, section 38-77-160 is inserted in its entirety.  <u>See</u> <u>Kay v. State Farm Mut. Auto. Ins. Co.</u>, 562 S.E.2d 676, 678 (S.C. Ct. App. 2002) ("Underinsured motorist coverage is controlled by and subject to our underinsured motorist act, and any insurance policy provisions inconsistent therewith are void, and the relevant statutory provisions prevail as if embodied in the policy." (internal quotation marks omitted)); <u>State Farm Mut. Auto. Ins. Co. v. Calcutt</u>, 530 S.E.2d 896, 897 (S.C. Ct. App. 2000) ("Statutory provisions relating to an insurance contract are part of the contract as a matter of law.  To the extent a policy provision conflicts with an applicable statutory provision, the statute prevails." (internal citation omitted)).  The reformation of the policy to include this language will require Church

7

Mutual to provide UIM coverage up to $1,000,000 in the event that the plaintiffs' damages exceed section 33-56-180(A)'s damages cap of $600,000, and so long as Halmon is not "joined properly as a party defendant" in the underlying lawsuits and proven to have acted in a reckless, wilful, or grossly negligent manner.

Therefore, it is

**ORDERED** that Plaintiffs' motion for summary judgment, Document Number 25, is granted. It is further

**ORDERED** that all other pending motions are denied as moot.

**IT IS SO ORDERED**.

                                                            s/ Henry M. Herlong, Jr.
                                                            United States District Judge

Greenville, South Carolina
July 8, 2005