IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| John Smith, as Personal Representative of the Estate of Geraldine Smith; Betty R. Collier; and Bessie I. Bonds,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>Church Mutual Insurance Company,<br><br>　　　　　　Defendant. | C.A. No.: 7:04-23248-HMH<br><br>**OPINION and ORDER** |

This matter is before the court on John Smith, as Personal Representative of the Estate of Geraldine Smith ("Smith"), Betty R. Collier ("Collier"), and Bessie I. Bonds' ("Bonds") (collectively "Plaintiffs"), motion to supplement the record on appeal pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure. For the reasons stated below, the court grants the Plaintiffs' motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This case involves a Business Automobile Policy ("Policy") issued by Church Mutual Insurance Company ("Church Mutual") to Trinity AME Zion Church ("Trinity AME") for $1,000,000 in liability coverage and $1,000,000 in underinsured motorist ("UIM") coverage. In its order granting summary judgment to the Plaintiffs on July 8, 2005 ("Summary Judgment Order"), the court reformed the Policy "to delete the requirement that the $1,000,000 liability limits of the Policy must be exhausted before UIM coverage is available." (Summary Judgment

1

Order 7.) In its place, the court inserted section 38-77-160 of the South Carolina Code of Laws, which states:

> Such carriers shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist <u>or</u> in excess of any damages cap or limitation imposed by statute.

S.C. Code Ann. § 38-77-160 (2002) (emphasis added).

The court found that, barring the proper joinder of Sabrina Halmon ("Halmon") in the underlying liability suits, the driver of the van, the liability limits in this case were capped at $600,000 pursuant to South Carolina Code of Laws section 33-56-180(A). Section 33-56-180(A) provides in relevant part:

> A person sustaining an injury or dying by reason of the tortious act of commission or omission of an employee of a charitable organization, when the employee is acting within the scope of his employment, may recover in an action brought against the charitable organization only the actual damages he sustains in an amount not exceeding the limitations on liability imposed in the South Carolina Tort Claims Act in Chapter 78 of Title 15 [which limits the amount recoverable for any single occurrence to $600,000]. An action against the charitable organization pursuant to this section constitutes a complete bar to any recovery by the claimant, by reason of the same subject matter, against the employee of the charitable organization whose act or omission gave rise to the claim unless it is alleged and proved in the action that the employee acted in a reckless, wilful, or grossly negligent manner, and the employee must be joined properly as a party defendant.

S.C. Code Ann. § 33-56-180(A) (2006).

Trinity AME, the owner of the van driven by Halmon, is a charitable organization under section 33-56-180(A). Halmon, furthermore, has not been joined as a party defendant in the underlying liability suits. Therefore, the court found that, unless Halmon is "joined properly as a party defendant" and proven to have acted in a reckless, willful, or grossly negligent manner, the

2

$1,000,000 in UIM coverage must be offered if the damages received in the underlying liability suits exceed the $600,000 statutory cap provided in section 33-56-180(A). (Summary Judgment Order 6.) Finally, the court ruled that, to the extent Plaintiffs recover against Trinity AME, Church Mutual is entitled to a setoff for the amount of the liability coverage not exhausted under the statutory cap. See Cobb v. Benjamin, 482 S.E.2d 589, 598 (S.C. Ct. App. 1997); (Summary Judgment Order 7.). Church Mutual filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure on July 23, 2005, and the court held a hearing on the matter on September 7, 2005. The court denied Church Mutual's motion to alter or amend on September 12, 2005. On October 11, 2005, Church Mutual filed a notice of appeal. The Plaintiffs now seek to supplement the record on appeal.

## II. DISCUSSION OF THE LAW

Rule 10(e)(1) of the Federal Rules of Appellate Procedure provides that "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record confirmed accordingly." As such, this motion is appropriately before this court.

Subsequent to the court's decisions on the Plaintiffs' motion for summary judgment and Church Mutual's motion to alter or amend the judgment, the Plaintiffs moved to amend their state court pleadings to "remove from the allegations any possible inference (and, consequently, any argument of Church Mutual) that . . . Halmon acted in a grossly negligent or reckless manner." (Mem. Supp. Suppl. R. 3.) The motions to amend the complaints were granted, and the amended complaints were filed on November 16, 2005. (Id. 3, Ex. A (Order of J. Kimball) & Id. Ex. C (Am. Compl.).) Church Mutual consented to a second amendment of the complaint

3

by letter dated February 3, 2006 in the underlying state court action <u>Bessie Bonds v. South Carolina Department of Transportation</u>, No. 2005-CP-46-791 (hereinafter "Bonds action"), and the second amended complaint was filed in that action on February 24, 2006. (<u>Id.</u> Ex. D (Letter from Andrew Lindemann to Brook Fowler of 2/3/06) & Ex. E (Second Am. Compl.).)

In the instant motion, the Plaintiffs move to supplement the record on appeal with the first amended complaint in the Bonds action, the amended summons and second amended complaint in the Bonds action, Church Mutual's counsel's letter consenting to the second amendment of the complaint in the Bonds action, and the Honorable S. Jackson Kimball's order granting the first amendment of the complaint in the Bonds action. These four documents were not in existence when the court rendered its decisions on the Plaintiffs' motion for summary judgment or Church Mutual's motion to alter or amend.

At the hearing on Church Mutual's motion to alter or amend on September 1, 2005, the Plaintiffs informed the court that in the underlying liability lawsuits, the complaints' allegations of recklessness and gross negligence were directed at Trinity AME, not Halmon. The court inquired as follows: "But to the extent it's not clear that you were alleging it, you're abandoning it and will not pursue recklessness and gross negligence against Halmon in your state proceeding?" The Plaintiffs' counsel responded, "That's correct." (Hr'g Tr. at 17.) Moreover, the court noted in its order on Church Mutual's motion to alter or amend ("Rule 59(e) Order") that the

> Plaintiffs' attorneys disputed whether the allegations in the complaint suggest that Ms. Halmon was reckless and, to the extent that any construction of the complaint suggests that Ms. Halmon was reckless, Plaintiffs' attorneys claim that this suggestion is a mistake. Plaintiffs' attorneys state that there is no evidence that Ms. Halmon acted in a reckless or willful manner.

(Rule 59(e) Order 8 n.1.)  Just as it found in the Summary Judgment Order, the court reiterated in its Rule 59(e) Order that "[u]nless and until Plaintiffs properly join Halmon in the underlying liability suits and prove that she acted in a reckless, willful, or grossly negligent manner, the $1,000,000 in liability limits under the Policy are not 'available' and therefore cannot be set off against any UIM coverage."  (Id. 8.)

It is undisputed that Halmon has not been joined as a party in the underlying liability actions.  Moreover, in ruling on Church Mutual's Rule 59(e) Order, the court considered the Plaintiffs' position that the complaints in the underlying lawsuits do not allege that Halmon was reckless and grossly negligent, and any suggestion in the complaints that Halmon was reckless and grossly negligent was a mistake.

The court finds that the subsequent amendments of the complaint and the two related documents clarify the Plaintiffs' position that they are not alleging recklessness or gross negligence against Halmon.  These documents are relevant to the United States Court of Appeals for the Fourth Circuit's consideration of this matter on appeal.  Based on the foregoing, the court grants Plaintiffs' motion to supplement the record.

Therefore, it is

**ORDERED** that the Plaintiffs' motion to supplement the record on appeal, docket number 48, is granted.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
July 10, 2006